IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGETOWN CONDOMINIUMS )
HOMEOWNERS' ASSOCIATION, INC.,)
                              )
            Plaintiff,        )
                              )
       v.                     )   CIVIL NO. 1:05CV00185
                              )
COMMUNITY APARTMENTS          )
CORPORATION OF FORSYTH COUNTY )
#3; and TRACEY CHAMPION a/k/a )
TRACEY REED,                  )
                              )
            Defendants.       )

MEMORANDUM OPINION

BULLOCK, District Judge

On January 31, 2005, Georgetown Condominiums Homeowners' Association, Inc. ("Plaintiff"), initiated this civil action in the District Court Division of the General Court of Justice, Forsyth County, North Carolina, against Community Apartments Corporation of Forsyth County #3 and Tracey Champion a/k/a Tracey Reed (collectively "Defendants"). Plaintiff's causes of action are based on claims of nuisance and violations of restrictive covenants. Defendants removed the case to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446. Before the court is Plaintiff's motion to remand.

BACKGROUND

Defendant Community Apartments Corporation ("Defendant CAC") is a non-profit corporation that purchases and leases housing for the purpose of providing housing to mentally disabled individuals. Defendant Tracey Champion a/k/a Tracey Reed ("Defendant Reed") suffers from a severe and persistent mental illness. Defendant Reed is a resident of a condominium owned by Defendant CAC and located in the privately funded Georgetown Condominiums development. Defendant CAC purchased the condominium occupied by Defendant Reed with funds provided by the United State Department of Housing and Urban Development pursuant to Section 811 of the National Housing Act, Supportive Housing for Persons with Disabilities Program ("Section 811 Program"). The Section 811 Program provided funds to Defendant CAC through a Project Rental Assistance Contract ("PRAC").

Plaintiff is responsible for protecting the rights and interests of the homeowners and tenants at the Georgetown Condominiums development. Plaintiff enforces the rules and restrictions promulgated in accordance with the Declaration of Georgetown Condominiums ("Declaration") to ensure the right of quiet enjoyment by all residents of the Georgetown Condominium development. Plaintiff seeks injunctive and monetary relief from Defendants, including the eviction of Defendant Reed, and alleges

that Defendant Reed has created a nuisance by her behavior and has repeatedly violated the restrictions set forth in the Declaration.

DISCUSSION

I. <u>Motion to Remand</u>

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941)). "The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court." <u>Keith v. Clarke Am. Checks, Inc.</u>, 261 F. Supp. 2d 419, 421 (W.D.N.C. 2003) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 96 (1998); <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999); and <u>Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.</u>, 166 F.3d 642, 647 (4th Cir. 1999)). On a motion to remand, the burden of establishing federal subject matter jurisdiction rests on the party or parties seeking to preserve removal. <u>Morales v. Showell Farms, Inc.</u>, 910 F. Supp. 244, 246 (M.D.N.C. 1995) (citing <u>Mulcahey</u>, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary."

Mulcahey, 29 F.3d at 151 (citing In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); and Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

When removal is not based on diversity of citizenship, "the jurisdiction of the federal district courts is governed by the 'well-pleaded complaint' rule." Rayner v. Smirl, 873 F.2d 60, 63 (4th Cir. 1989) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). The rule dictates that federal jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and a plaintiff may avoid federal jurisdiction "by relying exclusively on state law," Rayner, 873 F.2d at 63. If, however, state law creates a cause of action but "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," then federal jurisdiction is available. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). A defendant's petition for removal or a defendant's federal defense, however, may not provide the basis for removal jurisdiction. Id. at 11 n.9 (discussing the lack of focus on a defendant's pleadings regarding removal jurisdiction); see also id. at 10 ("a defendant may not remove a case to federal court

4

unless the <u>plaintiff's</u> complaint establishes that the case 'arises under' federal law"); <u>Caterpillar</u>, 482 U.S. at 393 (it is "settled law that a case may <u>not</u> be removed to federal court on the basis of a federal defense").

    Here, Plaintiff contends that jurisdiction is proper in state court because its complaint relies exclusively on state law in asserting claims of nuisance and violations of restrictive covenants. Defendants, on the other hand, contend that Plaintiff's complaint raises a substantial federal question on its face and "arises under" the laws of the United States because the PRAC lease agreement and the Fair Housing Act of 1988, 42 U.S.C. § 3601 <u>et</u> <u>seq</u>. ("FHA"), entitle Defendant Reed to certain protections because of her handicap status that would be violated by Plaintiff's state court action. Defendants allege that Plaintiff's right to relief depends on the construction, validity, and effect of the FHA, and that the resolution of Plaintiff's case depends on the resolution of a substantial federal question. The federal issues advanced by Defendants include: whether Defendant Reed's conduct was unreasonable; whether Plaintiff's actions discriminate against Defendant Reed on the basis of her handicap; whether the FHA would be violated if the relief sought were granted; and whether Plaintiff's interpretation of the Declaration is reasonable.

Although Plaintiff's state law claims may relate to federal law, they are not "'in the forefront of the case'" but are "'collateral, peripheral or remote.'" Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 152 (4th Cir. 1994) (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 n.11 (1986)). The federal claims advanced by Defendants are not "sufficiently substantial" to make the exercise of federal jurisdiction "appropriate and pragmatic." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 807 (4th Cir. 1996). Defendants have not demonstrated that the federal laws implicated prohibit resolution of the asserted federal issues in state court proceedings, and likewise have not established that Defendant Reed's rights under the FHA would be violated by the North Carolina state court action. Accordingly, federal jurisdiction is doubtful and the court will grant Plaintiff's motion to remand.

II. Costs for removal

Plaintiff has also requested an award of costs and attorney fees incurred as a result of these removal proceedings pursuant to 28 U.S.C. § 1447(c). Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Pursuant to the plain language of Section 1447(c), such an award is within

6

the discretion of the court." Parker v. Johnny Tart Enters., Inc., 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999). An award of fees under this section may be made whether or not removal was in bad faith. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996); see also Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000). Defendants' argument for removal, while supported by limited authority, is at least colorable. Therefore, the court will deny Plaintiff's motion for costs and attorney fees.

CONCLUSION

For the foregoing reasons, the court will grant Plaintiff's motion to remand, and deny Plaintiff's request for an award of costs and attorney fees upon remand.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

_____
United States District Judge

June 24, 2005

7